T.C. Memo. 1996-376


UNITED STATES TAX COURT


JAMES AND BEVERLY DONEHEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8267-96.                    Filed August 14, 1996.


James Donehey, pro se.

<u>Diane Helfgott</u> and <u>Kristine A. Roth</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed pursuant to Rule 53. The issue that we must decide is whether petitioners filed their petition with the Court within the time period prescribed by section 6213(a).

Background

At the time that the petition was filed with the Court, petitioners' mailing address was 1596 Shallowwell Road, Manakin Sabot, Virginia 23103-2312 (the Manakin Sabot address).

On January 16, 1996, respondent mailed a notice of deficiency to petitioners. In the notice, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1993 in the amount of $11,622, as well as an accuracy-related penalty under section 6662(a) in the amount of $2,324. The notice of deficiency was mailed to petitioners by registered mail at the Manakin Sasbot address.

On May 1, 1996, a petition was filed with this Court seeking a redetermination of a portion of the deficiency determined by respondent for the taxable year 1993.[2] The petition was executed by Arlene Berliner (Ms. Berliner), an individual associated with

---

[2] The petition disputes only $9,526 of the $11,622 deficiency determined by respondent. Further, the petition does not contest or otherwise place in dispute any portion of the accuracy-related penalty. See Rule 34(b)(4) ("Any issue not raised in the assignment of errors shall be deemed to be conceded.").

the accounting firm of Ernst and Young in New York but who is not admitted to practice before this Court. The date "15 April 1996" is handwritten opposite Ms. Berliner's signature on the last page of the petition. The mandatory filing fee was not enclosed with the petition. See Rule 20(b).

The petition arrived at the Court by mail in an envelope properly addressed to the Court in Washington, D.C. The envelope bears the imprint of a rectangular ink stamp that states at the top "Royal Mail" and that states at the bottom "Postage Paid - Doncaster 1010 Great Britain". The ink stamp does not include any date. An air mail sticker is also affixed to the envelope. A return label placed immediately above the label for the addressee's name and address reads as follows: "If undelivered please return to: PO Box 1006, Doncaster DN4 5NE England". The return label is placed over what appears to be Ms. Berliner's name and address at the office of Ernst and Young in New York.

Except for the docket number of this case, which was placed on the envelope by personnel of the Court's Petitions Section, no other markings, ink stamps, imprints, stickers, or labels appear on either the front or reverse side of the envelope. In particular, there are no U.S. stamps or postmarks whatsoever. Rather, the envelope gives every indication that it was originally posted in Great Britain, transported across the

Atlantic, placed into the U.S. postal system, and ultimately delivered to the Court in Washington, D.C.

As indicated, respondent filed a Motion To Dismiss For Lack Of Jurisdiction. In her motion, respondent contends that dismissal for lack of jurisdiction is required because petitioners failed to file their petition within the 90-day time period prescribed by sections 6213(a) and 7502.

Petitioners filed an Objection to respondent's motion in which they oppose the dismissal of this case on the following ground:

> The petition was prepared and filed by our Accounting firm, Ernst & Young LLP. The petition was filed on April 15, 1996 and was mailed from New York, New York. Therefore it would not have had a foreign postmark.

Respondent's motion was called for hearing at the Motions Session of the Court in Washington, D.C. Counsel for respondent appeared and presented argument in support of the motion. No appearance was made by or on behalf of petitioners. However, the Court did receive a Rule 50(c) statement from Ms. Berliner, which was filed on behalf of petitioners.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, ordinarily has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the contested deficiency. Sec. 6213(a). However, if the notice of deficiency is addressed to a taxpayer outside of the United States, then the taxpayer has 150 days to file a petition.

By virtue of section 7502, a petition that is timely mailed is deemed to be timely filed. However, for this latter rule to apply, the postmark date appearing on the envelope containing the petition must be timely, that is, the postmark date must fall within the applicable 90-day, or 150-day, time period. Further, the provisions of section 7502 contemplate that the envelope be deposited in the mail in the United States, meaning that the envelope is deposited with the domestic mail service of the U.S. Postal Service. Sec. 7502(a)(2)(B); sec. 301.7502-1(c)(1)(ii), Proced. and Admin. Regs. Finally, and perhaps most importantly, section 7502 does not apply to any document that is deposited with the mail service of any other country. Sec. 301.7502-1(c)(1)(ii), Proced. and Admin. Regs.[3]

---

[3] Note that sec. 7502(b) expressly makes the provisions of sec. 7502 applicable in the case of postmarks not made by the U. S. Postal Service only if and to the extent provided by regulations prescribed by the Secretary of the Treasury. As stated above, sec. 301.7502-1(c)(1)(ii), Proced. and Admin.

It is clear in the present case that respondent mailed the notice of deficiency to petitioners on January 16, 1996. Therefore, the 90-day period within which petitioners were required to file their petition with the Court expired on Monday, April 15, 1996. However, petitioners did not file a petition for redetermination with this Court until Wednesday, May 1, 1996, the 106th day after the notice of deficiency was mailed. Moreover, the petition did not arrive at the Court in an envelope bearing a U.S. Postal Service postmark date. Further, it is clear that the petition was deposited with the mail service of the United Kingdom. Under these circumstances, it is evident that the "timely mailing/timely filing" provisions of section 7502 are inapplicable. It is also evident that the petition was not timely filed within the 90-day time period prescribed by section 6213(a).

We note that the only matter raised by petitioners in their Objection relates to the mailing date and place of mailing of their petition; i.e., "The petition was filed on April 15, 1996 and was mailed from New York, New York." We must reject this contention, however, because it is contrary to the record.

---

Regs., makes the provisions of sec. 7502 inapplicable in the case of foreign postmarks. Cf. sec. 301.7502-1(c)(1)(iii)(b), Proced. and Admin. Regs., which applies to domestic postmarks not made by the U.S. Postal Service.

We also note that it has not been alleged, much less proven, that the notice of deficiency was "addressed to a person outside of the United States". Accordingly, we have no basis upon which to conclude that the petition was timely filed within the alternate 150-day time period prescribed by section 6213(a).

Conclusion

Because petitioners did not file their petition with the Court within the time period prescribed by section 6213(a), we lack jurisdiction to redetermine petitioners' tax liability for the taxable year in issue. Accordingly, we must grant respondent's motion to dismiss for lack of jurisdiction.[4]

In order to give effect to the foregoing,

> An order granting respondent's
> motion and dismissing this case for
> lack of jurisdiction will be entered.

---

[4] Although petitioners cannot pursue their case in this Court, they are not without a judicial remedy. Specifically, they may pay the tax, file a claim for refund with the Internal Revenue Service, and, if their claim is denied, sue for a refund in the appropriate Federal District Court or the United States Court of Federal Claims. McCormick v. Commissioner, 55 T.C. 138, 142 (1970).